Randy T. Austin, Utah Bar No. 6171
Kirton McConkie
36 S. State St., Ste. 1900
Salt Lake City, UT 84111
(801) 328-3600
raustin@kmclaw.com

Michael Johnston, Utah Bar No. 11273
Kirton McConkie
2600 W. Executive Pkwy, Ste. 400
Lehi, UT 84043
(801) 426-2100
mjohnston@kmclaw.com

Justin W. Starr, Utah Bar No. 10708
Kirton McConkie
3100 N. 200 E., Ste. 3A
St. George, UT 84770
(435) 574-5672
jstarr@kmclaw.com

*Attorneys for Plaintiff The Church of Jesus Christ of Latter-day Saints*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; AND ACE PROPERTY AND CASUALTY INSURANCE CO.,<br><br>  Defendants. | Case No. 2:21-cv-00582-DAO<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT** |

The Church of Jesus Christ of Latter-day Saints (the "Church"), a Utah corporation sole, f/k/a Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints and

Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("the Church"),[1] for its complaint against National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and ACE Property and Casualty Insurance Co. ("ACE"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. The Church is a Utah corporation sole with its principal place of business in Salt Lake City, Utah.

2. National Union is an insurance company authorized to do business in the state of Utah. National Union is a Pennsylvania corporation with its principal place of business in New York, New York.

3. ACE is an insurance company authorized to do business in the state of Utah. ACE is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. This Court has personal jurisdiction over National Union and ACE because National Union and ACE insure the Church, a resident of the state of Utah.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims herein occurred in the District of Utah.

---

[1] Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole, was recently renamed The Church of Jesus Christ of Latter-day Saints. Corporation of the President of The Church of Jesus Christ of Latter-day Saints was subsequently merged into it.

**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT** - 2
4852-3656-7292.v1

# GENERAL ALLEGATIONS

### A.     The Underlying Lawsuit

7.     Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("COP") and Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints ("CPB") were defendants in *Jane Doe-1, et al. v. The Corporation of the President of The Church of Jesus Christ of Latter-day Saints, et al.*, Civil Action No. 13-C-656, filed in the Circuit Court of Berkeley County, West Virginia, in September 2013 (the "Underlying Lawsuit").

8.     The minor plaintiffs in the Underlying Lawsuit alleged that a teenaged Church member sexually abused them between 2007 and 2012.

9.     Plaintiffs in the Underlying Lawsuit further alleged that COP and CPB negligently caused their abuse and resulting physical and emotional harm by failing to report a reasonable suspicion of child sexual abuse as required by West Virginia law, failing to properly supervise and train clergy, allowing the minor plaintiffs to come into contact with their abuser, failing to warn the minor plaintiffs and their parents, and otherwise failing to protect the plaintiffs from foreseeable harm.

10.     The parties to the Underlying Lawsuit settled in July 2018.

### B.     The Insurance Policies

#### The National Union Policy

11.     National Union issued Umbrella Prime Commercial Umbrella Liability Policy with CrisisResponse No. BE 4485442 to the Church for policy period June 15, 2006 to June 15, 2007 (the "National Union Policy").

12.     Under the National Union Policy's Commercial Umbrella Liability Insuring Agreement, National Union is obligated to pay on behalf of the Church "those sums in excess of

the **Retained Limit** that [the Church] becomes legally obligated to pay as damages by reason of liability imposed by law because of **Bodily Injury** . . . to which this insurance applies."

13. The insurance afforded by the National Union Policy applies if "the **Bodily Injury** . . . is caused by an **Occurrence** that takes place anywhere, and the **Bodily Injury** . . . occurs during the **Policy Period**."

14. The National Union Policy defines "Retained Limit" as "the applicable limits listed in the Schedule of Retained Limits . . . If there is . . . Other Insurance applicable to a Loss, amounts received through such . . . Other Insurance for payment of the Loss may be applied to reduce or exhaust the Retained Limit."

15. The National Union Policy defines "Bodily Injury" as "bodily injury, sickness, or disease sustained by any person, including death, mental anguish, mental injury, shock or humiliation resulting from any of these at any time."

16. The National Union Policy defines "Occurrence" as "an accident, including continuous or repeated exposure to substantially the same generally harmful conditions. All such exposure to substantially the same general harmful conditions will be deemed to arise out of one Occurrence."

17. The National Union Policy provides:

The above Retained Limits may be reduced or exhausted by:

1. Any payment on behalf of the **Insured** of loss that would be insured by our policy within the above Retained Limits, and/or

2. Any payment by any insurer under any policy(ies) of insurance available to the **Insured** of **Loss** that would be insured by our policy within the above Retained Limits. However, this provision does not apply to any policy of insurance specifically purchased to be excess of this policy.

**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT** - 4
4852-3656-7292.v1

18.     The National Union Policy defines "Loss" as "those sums actually paid as judgments or settlements . . . ."

19.     The National Union Policy's Limits of Insurance section provides that "[i]f the total applicable Retained Limit(s) listed in the Schedule of Retained Limits are reduced or exhausted by the payment of **Loss** to which this insurance applies, we will . . . in the event of exhaustion of the underlying **Retained Limits**, continue in force as underlying insurance."

20.     The National Union Policy provides that National Union has:

> the right and duty to defend any **Suit** against the **Insured** that seeks damages for **Bodily Injury** . . . covered by this policy, even if the **Suit** is groundless, false, or fraudulent when the applicable limits listed in the Schedule of Retained Limits have been exhausted by payment of **Loss** to which this insurance applies.

21.     The National Union Policy provides that "**Defense Expenses** are in addition to the applicable Limits of Insurance of this policy."

22.     The National Union Policy defines "Defense Expenses" as "payment(s) allocated to the investigation, settlement or defense of a specific loss, claim or Suit, including but not limited to . . . Attorneys' fees and all other investigation, loss adjustment, and litigation expenses . . . ."

### The ACE Policies

23.     ACE issued the following successive Commercial Umbrella Liability Policies to the Church:

Policy No. XOO G23882516, with policy period June 15, 2007 to June 15, 2008;

Policy No. XOO G24647572, with policy period June 15, 2008 to April 1, 2009;

Policy No. XOO G24899998, with policy period May 1, 2009 to April 1, 2010;

Policy No. XOO G24908392, with policy period April 1, 2010 to April 1, 2011; and

Policy No. XOO G24903084, with policy period April 1, 2011 to April 1, 2012

(together, the "ACE Policies").

**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT - 5**

24. The ACE Policies' Insuring Agreements obligate ACE to pay on behalf of the Church "those sums in excess of the 'retained limit' that the 'insured' becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies."

25. The insurance provided by the ACE Policies applies if "bodily injury" is caused by an "occurrence" and "occurs during the 'policy period.'" "Bodily injury" that occurs during the "policy period" includes continuation, change or resumption of that "bodily injury" after the end of the "policy period."

26. The ACE Policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. 'Bodily injury' includes mental anguish or mental injury resulting from bodily injury."

27. The ACE Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All such exposure to substantially the same general conditions shall be considered arising out of the same 'occurrence', regardless of the frequency or repetition thereof, or the number of claimants."

28. The ACE Policies define the insured's "retained limit" as "the amount stated above which is the amount you will pay in the settlement of any claim or 'suit' to which this policy applies and no 'underlying insurance' or 'other insurance' applies."

29. The ACE Policies obligate ACE to "assume charge of the settlement or defense of any 'suit' brought against the 'insured' to which this policy applies and to which no 'insured's' 'retained limit' stated above applies because of the exhaustion of the applicable limits."

30. The ACE Policies provide that "Defense Cost and Supplemental Payment expenses are not included within the 'insured's' 'retained limit' and any such expense payment we make shall not reduce the Limit of Insurance of this policy."

31. The ACE Policies define "loss" as "those sums paid in the settlement of a claim or 'suit' or satisfaction of a judgment which the 'insured' is legally obligated to pay as damages because of 'bodily injury' . . . ."

C. **The Church's Tender to National Union and National Union's Denial of Coverage**

32. The Church tendered defense and indemnity of the Underlying Lawsuit under the National Union Policy by letter dated January 16, 2018.

33. National Union denied any obligation to defend or indemnify the Church against the Underlying Lawsuit by letter dated February 20, 2018, on the grounds the Retained Limit had not been exhausted.

34. By e-mail dated March 5, 2018, the Church notified National Union it had reached a tentative settlement of the Underlying Lawsuit in an amount that exceeded the Church's Retained Limit under the National Union Policy.

35. On information and belief, National Union did not reasonably investigate the facts to determine whether the Retained Limit had been satisfied. Likewise, it did not reasonably evaluate whether the Retained Limit had been satisfied.

36. National Union reiterated its denial of coverage by letter dated March 7, 2018, again on the grounds the Retained Limit had not been exhausted.

37. To date, National Union has not paid any amount to or on behalf of the Church in defense or indemnity of the Underlying Lawsuit.

D. **The Church's Tender to ACE and ACE's Denial of Coverage**

38. The Church tendered defense and indemnify of the Underlying Lawsuit under the ACE Policies by letter dated November 9, 2017.

39. ACE denied any obligation to defend or indemnify the Church against the Underlying Lawsuit by letter dated November 17, 2017, primarily on the grounds the Church must satisfy a separate Self-Insured Retention "per occurrence."

40. ACE contends the Underlying Lawsuit alleges multiple occurrences under the ACE Policies.

41. ACE further contends that even if the Underlying Lawsuit alleges a single occurrence, the Church is still obligated to satisfy a separate Self-Insured Retention under each ACE Policy in effect during the occurrence, which continued over several policy periods.

42. On information and belief, ACE did not reasonably investigate the facts to determine whether the "retained limit" had been satisfied. Likewise, it did not reasonably evaluate whether the "retained limit" had been satisfied.

43. To date, ACE has not paid any amount to or on behalf of the Church in defense or indemnity of the Underlying Lawsuit.

## CAUSES OF ACTION

### I. FIRST CAUSE OF ACTION
### (Breach of Contract Against National Union)

44. The Church incorporates the foregoing allegations as if fully set forth herein.

45. The Underlying Lawsuit alleges Bodily Injury occurring during the Policy Period of the National Union Policy.

46. The Underlying Lawsuit alleges Bodily Injury caused by an Occurrence within the meaning of the National Union Policy.

47. The Retained Limit under the National Union Policy has been satisfied by the payment of Loss.

48. All conditions precedent and subsequent to coverage under the National Union Policy have been satisfied, and no exclusions apply.

49. National Union owes the Church a duty to defend and indemnify the Church against the Underlying Lawsuit.

**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT** - 8
4852-3656-7292.v1

50. National Union has breached its obligations under the National Union Policy by denying any obligation to defend or indemnify the Church and failing to pay the amounts the Church has incurred in settlement and defense of the Underlying Lawsuit in excess of the National Union Policy's Retained Limit.

51. As a direct and proximate result of National Union's breach, the Church has suffered damages in the amounts of the benefits of its insurance coverage with respect to the Underlying Lawsuit and consequential harms.

## II.   SECOND CAUSE OF ACTION
**(Breach of Implied Covenant of Good Faith and Fair Dealing Against National Union)**

52. The Church incorporates the foregoing allegations as if fully set forth herein.

53. National Union's conduct as described above breached the implied covenant of good faith and fair dealing implied in the National Union Policy.

54. More particularly, National Union breached its duty to diligently investigate the facts and to evaluate the claim fairly and reasonably.

55. As a direct and proximate result of National Union's breach, the Church has suffered damages including attorneys' fees and costs incurred in pursuing coverage under the National Union Policy.

## III.   THIRD CAUSE OF ACTION
**(Breach of Contract Against ACE)**

56. The Church incorporates the foregoing allegations as if fully set forth herein.

57. The Underlying Lawsuit alleges 'bodily injury' occurring during the 'policy period[s]' of the ACE Policies.

58. The Underlying Lawsuit alleges 'bodily injury' caused by an 'occurrence' within the meaning of the ACE Policies.

59. The 'retained limit' under one or more ACE Policies has been satisfied by the payment of 'loss.'

**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT** - 9
4852-3656-7292.v1

60. All conditions precedent and subsequent to coverage under the ACE Policies have been satisfied, and no exclusions apply.

61. ACE owes the Church a duty to defend and indemnify the Church against the Underlying Lawsuit.

62. ACE has breached its obligations under the ACE Policies by denying any obligation to defend or indemnify the Church and failing to pay the amounts the Church has incurred in settlement and defense of the Underlying Lawsuit in excess of the applicable 'retained limit.'

63. As a direct and proximate result of ACE's breach, the Church has suffered damages in the amounts of the benefits of its insurance coverage with respect to the Underlying Lawsuit and consequential harms.

## IV. FOURTH CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing Against ACE)

64. The Church incorporates the foregoing allegations as if fully set forth herein.

65. ACE's conduct as described above breached the implied covenant of good faith and fair dealing implied in the ACE Policies.

66. More particularly, ACE breached its duty to diligently investigate the facts and to evaluate the claim fairly and reasonably.

67. As a direct and proximate result of ACE's breach, the Church has suffered damages including attorneys' fees and costs incurred in pursuing coverage under the ACE Policy.

## V. FIFTH CAUSE OF ACTION
### (Declaratory Judgment Against National Union and ACE)

68. The Church incorporates the foregoing allegations as if fully set forth herein.

**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT** - 10

4852-3656-7292.v1

69. The rights and obligations of the parties under the National Union Policy and the ACE Policies depend in whole or in part upon a construction of the contracts' terms, which the parties dispute.

70. Pursuant to 28 U.S.C. § 2201, the Church is entitled to a declaratory judgment that National Union and ACE are obligated to defend and indemnify the Church against the Underlying Lawsuit and must pay the Church the entire amount of its settlement and defense costs incurred as a result of the Underlying Lawsuit that exceeds the applicable policies' applicable retained limits.

## PRAYER FOR RELIEF

WHEREFORE, the Church prays for judgment in favor of the Church and against National Union and ACE as follows:

A. For damages in such amounts as may be proven at trial;

B. For a declaration that defendants are obligated to defend and indemnify the Church against the Underlying Lawsuit;

C. For all attorneys' fees and other legal expenses incurred herein;

D. For prejudgment interest; and

E. For such other relief as the Court may deem just and proper.

DATED this 5th day of October, 2021.

Kirton McConkie PC

/s/ *Randy T. Austin*
Randy T. Austin

*Attorneys for Plaintiff, The Church of Jesus Christ of Latter-Day Saints*